IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIE L. SEAMSTER,              )
                                 )
         Petitioner,             )
                                 )
v.                               )   Case No. CIV-12-42-F
                                 )
JUSTIN JONES,                    )
                                 )
         Respondent.             )

# **REPORT AND RECOMMENDATION**

This habeas action grows out of a conviction in state district court for possession of controlled dangerous substances with intent to distribute and concealment of proceeds in violation of the Uniform Controlled Dangerous Substance Act. The Petitioner, Mr. Willie Seamster, claims that the conviction is constitutionally invalid due to insufficiency of the evidence on guilt, the absence of jury instructions on accomplice testimony, failure to declare a mistrial based on a discovery violation, and existence of cumulative error. The habeas claims are invalid, and the Court should deny the petition.

## Standard for Habeas Relief

The applicable standard turns on how the state appellate court had treated the underlying issue.

When the state appellate court does not address the merits, the federal district court exercises its independent judgment.[1] In this situation, the petitioner must demonstrate by a preponderance of the evidence that he is entitled to habeas relief.[2]

If the Oklahoma Court of Criminal Appeals ("OCCA") did adjudicate the merits, the federal district court would bear a "secondary and limited" role.[3]

For example, when the issue involves a matter of law, the federal district court considers only whether the state appellate court's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[4]

The threshold issue is whether federal law clearly establishes the constitutional protection underlying the habeas claim.[5] "A legal principle is 'clearly established' . . . only when it is embodied in a holding of [the Supreme Court]."[6] The Tenth Circuit Court of

---

[1]   *See*, *e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002).

[2]   *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (*per curiam*) ("Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief." (citation omitted)).

[3]   *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

[4]   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1) (2006).

[5]   *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive under § 2254(d)(1).").

[6]   *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173 (2010) (citations omitted).

Appeals has described the necessary connection between the Supreme Court's prior holding and the present facts:

> [C]learly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[7]

For this purpose, Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings."[8] In the absence of Supreme Court precedents, "a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law."[9]

If the underlying constitutional right is clearly established, the federal district court must ask whether the state appellate decision was contrary to Supreme Court precedent.[10] These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.[11]

---

[7] *House v. Hatch*, 527 F.3d 1010, 1016-17 (10th Cir. 2008) (footnote & citations omitted).

[8] *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

[9] *House v. Hatch*, 527 F.3d 1010, 1017 (10th Cir. 2008) (citation omitted).

[10] *See Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008) ("If there is clearly established federal law, we then consider whether the state court decision was contrary to or involved an unreasonable application of it." (citation omitted)).

[11] *See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

If these circumstances are absent, the federal district court must determine whether the state appellate decision involved an unreasonable application of Supreme Court precedent.[12] Application of Supreme Court precedent is considered "unreasonable" when the state court unreasonably extends, or refuses to extend, prior decisions.[13]  If prior Supreme Court cases do not "clear[ly] answer . . . the question presented," the habeas court cannot regard the application of federal law as unreasonable.[14]

The reasonableness of the OCCA's application of Supreme Court precedent is affected by its relative specificity.  "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."[15]

Sufficiency of the Evidence

In part, Mr. Seamster challenges the sufficiency of the evidence for a conviction under the federal and state constitutions.  This claim should be rejected.

---

[12]   *See Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008); *see also supra* note 10.

[13]   *See House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

[14]   *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (*per curiam*) (citation omitted).

[15]   *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (citation omitted).

I.   Federal Constitution

Sufficiency of the evidence presents a question of law.[16] Thus, the federal district court should begin by determining whether the Supreme Court has recognized a constitutional right to require sufficient evidence on guilt.[17] This question should be answered in the affirmative.

The United States Supreme Court established the constitutional requirement in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[18] Under this decision, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[19] The state court obtains additional deference when it decides the sufficiency of evidence.[20]

---

[16]   *See Spears v. Mullin*, 343 F.3d 1215, 1238 (10th Cir. 2003) (stating in habeas proceedings that the Tenth Circuit Court of Appeals "review[s] sufficiency of the evidence as a question of law" (citations omitted)); *see also Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (holding that when the petitioner challenged only the sufficiency of evidence to support the conviction, the court should regard the issue as a legal question).

[17]   *See supra* pp. 2-3.

[18]   *See Shobe v. McKune*, 276 Fed. Appx. 854, 857 (10th Cir. May 7, 2008) (unpublished op.) ("The 'clearly established federal law' applicable to this claim under 28 U.S.C. § 2254(d)(1) is the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).").

[19]   *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

[20]   *See Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) ("the . . . (AEDPA) 'adds an additional degree of deference to state courts' resolution of sufficiency of the evidence questions'" (citation omitted)).

The OCCA rejected the Petitioner's claim involving sufficiency of the evidence.[21] With this rejection of the claim on the merits, the federal district court must address "'whether the OCCA's conclusion'" on the sufficiency of the evidence had "'constituted an unreasonable application of the *Jackson* standard.'"[22]

Under *Jackson*, the standard for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."[23] Therefore, the Court must consider the Petitioner's arguments in light of Oklahoma law.

For the charge involving possession with intent to distribute, the State had to prove:

- knowing and intentional
- possession
- of the controlled dangerous substance
- with an intent to distribute.[24]

For the offense involving possession of drug proceeds, the State had to prove that Mr. Seamster had:

- knowingly or intentionally

---

[21]   *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 3-4 (Okla. Crim. App. Jan. 10, 2011).

[22]   *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (citation omitted); *see supra* p. 4.

[23]   *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979).

[24]   *See* OUJI - CR 6.4.

- acquired proceeds derived from the violation of state or federal drug laws and

- concealed the proceeds.[25]

The prosecution's evidence against Mr. Seamster consisted of testimony that he had sold crack, had crack in his trailer on January 30, 2009, and had $157 in his pockets even though he was unemployed.

Ms. Barnes testified that she had known Mr. Seamster for about a week.[26] During this period, according to Ms. Barnes, she had purchased crack cocaine from the Petitioner and had seen him sell it to others.[27] She also testified that she had known that Mr. Seamster was selling crack cocaine on January 30, 2009, the day of the search.[28]

---

[25] *See* Okla. Stat. tit. 63 § 2-503.1(A) (2001).

[26] Transcript of Jury Trial Proceedings at p. 28, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[27] Transcript of Jury Trial Proceedings at pp. 28-29, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[28] Ms. Barnes was asked if she had seen Mr. Seamster "and/or" Lee Knight selling crack cocaine on January 30, 2009. Transcript of Jury Trial Proceedings at p. 30, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009). She answered "Yeah." *Id*. She later said that she had not seen Mr. Knight sell crack that day. *Id*. at 31. This testimony, of course, meant that Ms. Barnes was saying that she had seen Mr. Seamster sell crack on January 30, 2009. Elsewhere, Ms. Barnes testified that she was "sure" that Mr. Seamster had sold crack on January 30, 2009. *Id*. at 34.

- acquired proceeds derived from the violation of state or federal drug laws and

- concealed the proceeds.[25]

The prosecution's evidence against Mr. Seamster consisted of testimony that he had sold crack, had crack in his trailer on January 30, 2009, and had $157 in his pockets even though he was unemployed.

Ms. Barnes testified that she had known Mr. Seamster for about a week.[26] During this period, according to Ms. Barnes, she had purchased crack cocaine from the Petitioner and had seen him sell it to others.[27] She also testified that she had known that Mr. Seamster was selling crack cocaine on January 30, 2009, the day of the search.[28]

---

[25] *See* Okla. Stat. tit. 63 § 2-503.1(A) (2001).

[26] Transcript of Jury Trial Proceedings at p. 28, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[27] Transcript of Jury Trial Proceedings at pp. 28-29, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[28] Ms. Barnes was asked if she had seen Mr. Seamster "and/or" Lee Knight selling crack cocaine on January 30, 2009. Transcript of Jury Trial Proceedings at p. 30 , *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009). She answered "Yeah." *Id*. She later said that she had not seen Mr. Knight sell crack that day. *Id*. at 31. This testimony, of course, meant that Ms. Barnes was saying that she had seen Mr. Seamster sell crack on January 30, 2009. Elsewhere, Ms. Barnes testified that she was "sure" that Mr. Seamster had sold crack on January 30, 2009. *Id*. at 34.

A red jewelry box was found on one of the bunk beds, where Mr. Seamster slept.[29] In the box were several rocks of crack cocaine.[30] Nearby were some baggies[31] and a set of digital scales.[32] According to Officer Nathan Davis, dealers often use sandwich baggies to package illicit drugs and weigh the contents with digital scales.[33]

Officer Davis also testified that on January 30, 2009, Mr. Seamster had $157 in his pockets[34] even though he was unemployed.[35] Ms. Barnes also testified that she did not "know the Defendant to have a regular job."[36]

---

[29] Transcript of Jury Trial Proceedings at p. 68, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[30] Transcript of Jury Trial Proceedings at pp. 69, 82-83, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[31] Transcript of Jury Trial Proceedings at pp. 76-77, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[32] Transcript of Jury Trial Proceedings at pp. 83-84, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[33] Transcript of Jury Trial Proceedings at pp. 67-69, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[34] Transcript of Jury Trial Proceedings at pp. 70, 89, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[35] Transcript of Jury Trial Proceedings at pp. 70-71, 89, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[36] Transcript of Jury Trial Proceedings at p. 34, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

The state appeals court reasonably concluded that the testimony, when viewed favorably to the prosecution, would suffice for guilt on both charges.[37] For example, a reasonable jury could have regarded the presence of sizable cash, combined with Mr. Seamster's lack of a job, as proof that a drug sale had taken place. And the trier of fact could have regarded the baggies, digital scales, and rocks of cocaine as circumstantial proof of Mr. Seamster's intent to sell. This evidence was underscored by Ms. Barnes' testimony that she had known that Mr. Seamster was selling crack cocaine.[38] From this evidence, the jury could reasonably find that:

- Mr. Seamster had possessed crack cocaine,
- he intended to sell it,
- he did sell it and obtained money in exchange, and
- he concealed the money by keeping it in his pocket.

With these factual findings, a jury could have legitimately concluded that Mr. Seamster had violated the criminal laws on possession of crack cocaine with an intent to distribute and concealment of drug proceeds. Thus, the OCCA acted reasonably under *Jackson v. Virginia* when it concluded that the evidence was sufficient to prove guilt on both charges.

---

[37] *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 3-5 (Okla. Crim. App. Jan. 10, 2011).

[38] *See supra* p. 7.

9

II.     State Constitution

Mr. Seamster has also invoked the Oklahoma Constitution. But violation of the state constitution would not support federal habeas relief.[39]

### Jury Instruction on Accomplice Testimony

Mr. Charles Knight was one of the State's witnesses to testify against Mr. Seamster. According to the Petitioner, the State's theory of guilt required treatment of Mr. Knight as an accomplice on both charges.[40] If he was, Oklahoma law would have required the trial judge to instruct the jury on the need for corroboration.[41]

No one asked the trial court for this instruction, and it did not issue such a jury charge on its own. According to Mr. Seamster, the omission involved constitutional error. The undersigned disagrees.

The threshold issue is whether the federal constitution was violated by the omission of an instruction on corroboration. This question should be answered in the negative because

---

[39] *See Nieto v. Sullivan*, 879 F.2d 743, 749 n.10 (10th Cir. 1989) ("the assertion of violation of the State Constitution is not cognizable under 28 U.S.C. § 2254(a)" (citation omitted)); *Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) (stating that claims grounded in the state constitution "are not cognizable under 28 U.S.C. § 2254(a)" (citation omitted)).

[40] The OCCA held that Mr. Knight was an accomplice under state law. *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 3 (Okla. Crim. App. Jan. 10, 2011).

[41] *See* Okla. Stat. tit. 22 § 42 (2011).

there is no constitutional requirement for an instruction on corroboration of accomplice testimony.[42]

In certain circumstances, an error under state law can be sufficiently arbitrary or capricious to result in a deprivation of due process.[43] For such a theory, however, Mr. Seamster must show that "the failure to instruct the jury to carefully consider [Mr. Knight's] credibility as an accomplice 'had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.'"[44]

The appeals court held that omission of the instruction constituted error, but did not rise to the level of "plain error."[45] This determination is entitled to deference under federal law because it is based on the merits of the claim.[46]

---

[42] *See Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) ("we and many of our sister circuits have specifically held that there is no [constitutional requirement for corroboration of the testimony of an accomplice-witness]" (citations omitted)); *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999) (holding that the constitution does not require corroboration of accomplice testimony).

[43] *See Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (noting the possibility that a state law error could occasionally "be 'so arbitrary or capricious as to constitute an independent due process . . . violation'" (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))).

[44] *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999) (citing *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995)).

[45] *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 3 (Okla. Crim. App. Jan. 10, 2011); *see supra* note 40 (noting that the OCCA had regarded Mr. Knight as an accomplice under state law).

[46] *See Douglas v. Workman*, 560 F.3d 1156, 1177-78 (10th Cir. 2009) (holding that when a state court declines to find plain error because the claim lacks merit under federal law, the habeas court accords deference under 28 U.S.C. § 2254(d)).

The habeas court's deference is heightened by the generality of the due process test of fundamental fairness.[47]

Mr. Knight provided little incriminating evidence against Mr. Seamster. He did say that he was unaware of a red jewelry box in the trailer.[48] That testimony was arguably incriminating because there was cocaine in the jewelry box and Messrs. Seamster and Knight were the only regular residents in the trailer at the time of the search.[49] But Mr. Knight also testified that the crack cocaine in his pocket and the digital scale were his and that he did not know if Mr. Seamster had ever sold crack or brought it to the trailer.[50] Because Mr. Knight provided little incriminating testimony against Mr. Seamster, the state appeals court could reasonably conclude that the trial would have remained fundamentally fair even without an instruction on the need for corroboration.

---

[47] *See supra* p. 4; *see also Dagley v. Russo*, 540 F.3d 8, 18 (1st Cir. 2008) ("where the applicable rule is general in nature, such as the *Donnelly* fundamental unfairness standard [for consideration of a due process challenge to a prosecutor's closing argument], state courts have 'more leeway ... in reaching outcomes in [their] case-by-case determinations'" (citation omitted)); *Nicklasson v. Roper*, 491 F.3d 830, 836 (8th Cir. 2007) (noting that "a wide range of latitude" is appropriate for the state courts, under the AEDPA, in light of the "indeterminate" nature of a "rule of decision" hinging on "the 'essential demands of fairness'" (citation omitted)).

[48] Transcript of Jury Trial Proceedings at pp. 47, 55, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[49] *See supra* p. 8 (noting that there was crack cocaine in the jewelry box); Transcript of Jury Trial Proceedings at pp. 43, 47, 53-54, 60-61, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009) (identifying the individuals that were staying in the trailer at the time).

[50] Transcript of Jury Trial Proceedings at pp. 45-48, 51, 55, 59, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

In addition, the OCCA reasonably concluded that Emily Barnes had corroborated Mr. Knight's testimony.[51] Ms. Barnes did not testify about the red jewelry box. But she did testify that on the day of the arrest, Mr. Seamster had his crack cocaine "laid out on the bed."[52] As noted above, the jewelry box was later found on Mr. Seamster's bed.[53] Obviously, no one could corroborate Mr. Knight's disavowal of knowledge about the jewelry box.[54] But Ms. Barnes did corroborate the implication of that testimony — that some of the crack cocaine in the trailer was not Mr. Knight's.

The OCCA could reasonably hold that the trial was fundamentally fair under the plain error standard because Mr. Knight had supplied little incriminating testimony and Ms. Barnes had corroborated the only inculpatory part of the account. As a result, the federal district court should reject the habeas claim.

---

[51] *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 3 (Okla. Crim. App. Jan. 10, 2011).

[52] Transcript of Jury Trial Proceedings at p. 33, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[53] *See supra* p. 8.

[54] *See, e.g.*, *State of Minnesota v. Hines*, 133 N.W.2d 371, 376 (Minn. 1964) (stating that a witness cannot testify about another person's knowledge); *Pepper v. State of Indiana*, 558 N.E.2d 899, 900 (Ind. Ct. App. 1990) ("A witness cannot speculate on the thought processes of another." (citation omitted)).

Discovery Regarding the "Money Sheet"

At trial, Officer Nathan Davis referred to a copy of the money found on Mr. Seamster's person at the time of his arrest.[55] Apparently, this document had been omitted in the discovery furnished to defense counsel. The trial court declined to order a mistrial, and the state appeals court held that the discovery violation was not prejudicial.[56] The claim has been renewed in the habeas petition. However, the federal district court should decline to order habeas relief based on the failure to disclose the money sheet.

The Court can assume *arguendo* that state law would have required disclosure of the money sheet. Even with this assumption, Mr. Seamster could not prevail because violation of state law would not justify habeas relief.[57]

Habeas relief would only be available if the denial of a mistrial had deprived Mr. Seamster of fundamental fairness.[58] The guiding principles are in "the Supreme Court's due

---

[55] *See* Transcript of Jury Trial Proceedings at p. 95, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[56] Transcript of Jury Trial Proceedings at pp. 96-97, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009); *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 5-6 (Okla. Crim. App. Jan. 10, 2011).

[57] *See Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *see also supra* p. 10 (discussing the unavailability of habeas relief for violation of a state constitution).

[58] *See Holcomb v. Murphy*, 701 F.2d 1307, 1312 (10th Cir. 1983) ("The contention that the trial court unlawfully denied a discovery motion is not cognizable in this habeas corpus proceeding because it raises only an issue of state procedural error and the denial did not render the petitioner's trial fundamentally unfair." (citation omitted)), *abrogated on other grounds by Gilbert v. Scott*, 941 F.2d 1065, 1067 (10th Cir. 1991); *Benson v. Martin*, 8 Fed. Appx. 927, 930 (10th Cir. May 7, 2001) (unpublished op.) (stating that noncompliance with state discovery requirements can only justify habeas relief if the violation had also resulted in a deprivation of due process); *see also supra* p. 11 (discussing the standard of fundamental fairness).

process precedent regarding the conduct of trial."[59] These precedents require examination of the entire record to determine if nondisclosure of the money sheet had "'render[ed] the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.'"[60] The state appeals court reasonably regarded the trial as nonprejudicial even though defense counsel had not obtained the money sheet before trial.[61]

In a preliminary hearing, Officer Nathan Davis testified that Mr. Seamster had $157 in his pockets when he was apprehended.[62] At that time, the officer could not recall the denomination of the money.[63] At trial, however, the officer testified that the money on Mr. Seamster's person had consisted largely of $20 bills.[64] When asked how he recalled the denominations, Officer Davis stated that he had reviewed the money sheet between the preliminary hearing and the trial.[65] The trial court declined to order a mistrial, but allowed

---

[59]   *Parker v. Scott*, 394 F.3d 1302, 1317 (10th Cir. 2005).

[60]   *Parker v. Scott*, 394 F.3d 1302, 1317 (10th Cir. 2005) (citation omitted).

[61]   *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 5-6 (Okla. Crim. App. Jan. 10, 2011); *see supra* p. 14.

[62]   Transcript of Preliminary Hearing at p. 9, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. May 19, 2009).

[63]   Transcript of Preliminary Hearing at p. 15, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. May 19, 2009).

[64]   Transcript of Jury Trial Proceedings at p. 70, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[65]   Transcript of Jury Trial Proceedings at p. 95, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

defense counsel to question the witness about the fact that the money sheet had not been produced.[66] Because of the nondisclosure, the trial judge barred the prosecutor from "harp[ing]" on the denominations in closing argument.[67] Thus, in closing argument, the prosecutor simply said:

> We also have the testimony of Officer Davis. We know that we've heard testimony about what 20 rocks are or twenty-dollar rocks. They call them both. And that's a common way that they're distributed. You also heard about the different denominations that the Defendant had. Look at that when considering what the Defendant's intent was and whether he knew about these things.[68]

There has not been any insinuation of bad faith or wilfulness on the part of the prosecutor. Indeed, the prosecutor did not ask the police officer about the denominations. That question had been elicited in defense counsel's cross-examination.[69] And the presence of $157 in the pockets of an unemployed person would have been incriminating regardless of the denominations of the bills. Against this backdrop, the appeals court reasonably concluded that the trial had remained fundamentally fair even without pretrial disclosure of the money sheet. Thus, the habeas claim should be rejected.

---

[66] Transcript of Jury Trial Proceedings at pp. 97, 100, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[67] Transcript of Jury Trial Proceedings at pp. 131-32, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[68] Transcript of Jury Trial Proceedings at p. 161, *State of Oklahoma v. Seamster*, Case No. CF-2009-905 (Okla. Co. Dist. Ct. Nov. 17-18, 2009).

[69] *See supra* p. 15.

Cumulative Error

Mr. Seamster also seeks habeas relief based on cumulative error. The OCCA rejected this claim on direct appeal, stating:

> In proposition one, we determined that error occurred when the trial court omitted to instruct the jury that Charles Knight was an accomplice whose testimony required corroboration. This sole error cannot support an accumulation of error claim.[70]

The claim should also be rejected as a basis for habeas relief.

The OCCA's adjudication on the merits triggers a deferential standard of review.[71] Thus, the starting point is identification of a clearly established constitutional right under the Supreme Court's prior holdings.[72] Such a right exists here in the Fourteenth Amendment's Due Process Clause, as the Supreme Court has recognized the potential for multiple errors to impinge upon the fundamental fairness of the trial and result in a deprivation of due process.[73]

---

[70] *Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 6 (Okla. Crim. App. Jan. 10, 2011) (citation omitted).

[71] *See supra* pp. 2-4.

[72] *See supra* pp. 2-3.

[73] *See Darks v. Mullin*, 327 F.3d 1001, 1017 (10th Cir. 2003).

For habeas relief, the Petitioner must demonstrate that the state appeals court's decision on the "cumulative error" claim was contrary to, or an unreasonable application of, Supreme Court precedent.[74]

Cumulative errors could conceivably exist under Oklahoma law, the Oklahoma Constitution, or the United States Constitution. Under these sources, the Petitioner cannot identify two or more errors to cumulate.

In the habeas petition, Mr. Seamster has invoked Oklahoma law and the state constitution to urge:

- failure to instruct the jury on the need for corroboration of accomplice testimony,

- insufficiency of the evidence, and

- commission of a discovery violation.[75]

---

[74] *See supra* pp. 3-4. The phrase "cumulative error" is also used in a different way, referring to the potential for separate constitutional errors to be prejudicial even when they would be harmless on their own. *See Darks v. Mullin*, 327 F.3d 1001, 1018 (10th Cir. 2003). Mr. Seamster has not invoked this usage in the habeas petition. Instead, he alleges that the accumulation of trial errors had resulted in the denial of a fair trial or sentence.

[75] Courts elsewhere differ on whether errors under state law can be considered for purposes of cumulative error. *Compare Parle v. Runnels*, 387 F.3d 1030, 1045 (9th Cir. 2004) (stating that errors of state law may be aggregated for cumulative error analysis if the combined effect would deprive a person of a fair trial), *with Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (*en banc*) (holding that for habeas review, cumulative error must be based on "matters of constitutional dimension rather than mere violations of state law"). The Court may assume *arguendo* that errors involving state laws or the state constitution can be aggregated for cumulative error. *Compare Darks v. Mullin*, 327 F.3d 1001, 1016-19 (10th Cir. 2003) (considering errors under state law to determine whether "cumulative error" had resulted in a denial of due process), *with Young v. Sirmons*, 551 F.3d 942, 973 (10th Cir. 2008) (stating that the court cannot consider violations of state law for purposes of cumulative error).

Mr. Seamster has also invoked the federal constitution, alleging insufficiency of the evidence and failure to order a mistrial for the discovery violation. Viewed with the deferential lens of the AEDPA, each of these claims is invalid for the reasons discussed above.[76]

As discussed above, the OCCA did not commit any constitutional violations. The OCCA did find one error under state law, the failure to instruct the jury on corroboration of Mr. Knight's testimony.[77] But even if the Court were to consider this violation of state law,[78] there would not have been any other errors to cumulate.[79] Without two or more errors, there is no reason to doubt the fundamental fairness of the trial.[80]

### Notice of the Right to Object

The Petitioner is advised of his right to object to this report and recommendation. If he does object, he must file a written objection with the Court Clerk for the United States

---

[76] *See supra* pp. 4-16.

[77] *See supra* p. 11.

[78] *See supra* note 75.

[79] The state appeals court did not directly address whether the discovery violation had resulted in a violation of state law. *See Seamster v. State of Oklahoma*, Case No. F-2010-38, slip op. at 5-6 (Okla. Crim. App. Jan. 10, 2011). However, the appellate court did hold that the district court had acted within its discretion when it declined to order a mistrial. *Id.*, slip op. at 5.

[80] *See, e.g.*, *Bunton v. Atherton*, 613 F.3d 973, 990 (10th Cir. 2010) ("the cumulative error doctrine does not apply here because we have not found the existence of two or more actual errors" (citation omitted)), *cert. denied*, __ U.S. __, 131 S. Ct. 1783 (2011).

District Court, Western District of Oklahoma, by May 10, 2012.[81] If Mr. Seamster does not timely object, he would waive his right to appellate review of the suggested ruling.[82]

Status of the Referral

The referral is discharged.

Entered this 23rd day of April, 2012.

*[signature: Robert E. Bacharach]*

Robert E. Bacharach
United States Magistrate Judge

---

[81] *See* 28 U.S.C.A. 636(b)(1) (2011 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[82] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).